IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ABEL,

        Plaintiff,                   No. CIV S-09-1749 KJM P

    vs.

MIKE MARTEL, et al.,

        Defendants.         <u>ORDER</u>

                               /

        Plaintiff is a state prisoner proceeding with counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

        In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

1

of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts defendants engaged in that support plaintiff's claim. Id. The complaint must allege in specific terms how each named defendant is involved. At the beginning of his original complaint, plaintiff identifies fourteen different defendants, but thereafter only refers to them collectively. In his amended complaint, plaintiff must identify the particular defendant or defendants committing each particular act alleged. He may not simply ascribe all acts to all defendants or all claims to all defendants.

Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended

1  complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).
2  Once plaintiff files an amended complaint, the original pleading no longer serves any function in
3  the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the
4  involvement of each defendant must be sufficiently alleged.
5           In accordance with the above, IT IS HEREBY ORDERED that:
6           1.  Plaintiff's complaint is dismissed.
7           2.  Plaintiff is granted thirty days from the date of service of this order to file an
8  amended complaint that complies with the requirements of the Civil Rights Act, the Federal
9  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
10 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
11 an original and two copies of the amended complaint; failure to file an amended complaint in
12 accordance with this order will result in a recommendation that this action be dismissed.
13 DATED:  May 25, 2010.

_____
U.S. MAGISTRATE JUDGE

1
abel1749.14(6.24.09)

3