1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES ABEL,

11            Plaintiff,                    No. CIV S-09-1749 JAM CKD P

12        vs.

13   MIKE MARTEL, et al.,

14            Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a California prisoner proceeding with counsel.  He has two claims.

17   The first arises under 42 U.S.C. § 1983 and the Free Exercise Clause of the First Amendment.

18   The second arises under the Religious Land Use and Institutionalized Persons Act (RLUIPA).

19   Defendants Martel, Long, Sauceda, Lackner, Barroga and Childress (defendants) are current or

20   former employees of the California Department of Corrections and Rehabilitation (CDCR) at

21   Mule Creek State Prison (Mule Creek).  They have filed a motion to dismiss for failure to

22   exhaust administrative remedies.[1]

23            A motion to dismiss for failure to exhaust administrative remedies prior to filing

24   suit arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d

25   _____

26        [1]  Defendants Walker, Rodriguez and Kaplan are not parties to the motion to dismiss as
     they have not been served with process.

                                              1

1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust non-judicial

remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at

1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies,

the proper remedy is dismissal of the claim without prejudice.  Id.

The exhaustion requirement is rooted in the Prison Litigation Reform Act, which

provides that "[n]o action shall be brought with respect to prison conditions under section 1983

of this title, or any other federal law . . . until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a).  CDCR regulations provide administrative procedures in the

form of one informal and three formal levels of review to address plaintiff's claims.  See Cal.

Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a

prisoner has received a "Director's Level Decision," or third level review, with respect to his

issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.

Administrative remedies must be "properly" exhausted which means use of all

steps put forward by the agency.  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  Also, "proper

exhaustion demands compliance with an agency's deadlines and other critical procedural rules

because no adjudicative system can function effectively without imposing some orderly structure

on the course of its proceedings." Id. at 90-91.

The specificity required in grievances is dictated by the terms of the prison's own

grievance process.  Jones v. Bock, 549 U.S. 199, 218 (2007).  Absent prison regulations to the

contrary "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress

is sought.'"  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) quoting Strong v. David, 297

F.3d 646, 650 (7th Cir. 2002).  Generally speaking, grievances need not include theories of legal

relief or legal terminology and need not "contain every fact necessary to prove each element of an

eventual legal claim." Id.  There is no requirement that all defendants named in subsequent

litigation be named in a prison grievance.  Bock, 549 U.S. at 217.

/////

1    Defendants bear the burden of proving plaintiff's failure to exhaust.  Wyatt, 315

2    F.3d at 1119.

3    In his complaint, plaintiff alleges defendants denied him the ability to practice

4    Wicca[2] in several respects while incarcerated at Mule Creek.  Defendants assert plaintiff

5    exhausted administrative remedies with respect to two separate grievances which concern his

6    religious practice:

7        1.  MCSP-08-01367

8    In this grievance, which was submitted on May 29, 2008, plaintiff complained that

9    Pastor Barham (who is not a defendant is this action), and defendant Long did not allow him to

10   purchase certain items used for exercise of Wicca.  The precise nature of the items is not clear

11   but some, if not all of the items were available at plaintiff's prison for group use under the terms

12   of something called the "Technical Reference Manual."  Plaintiff indicates he required the items

13   for personal use as Wicca is mostly a "solo faith."  Further, plaintiff has health concerns,

14   including the fact that he takes heat sensitive medication, which require that he practice his

15   religion in his cell and not outside with the other Wiccans.  A "Director's Level Decision" was

16   issued with respect to this grievance on November 17, 2008.

17       2.  MCSP 09-1289

18   Here, in a grievance submitted May 15, 2009, plaintiff alleges, among other

19   things, that on April 27, 2009, defendants Sauceda, Childress and an unidentified correctional

20   officer searched plaintiff's cell and confiscated items plaintiff used to exercise his religion

21   including three "decorative ceremonial wands," two chalices and a crystal.  Plaintiff claims this

22   was done in retaliation for plaintiff filing complaints against prison staff.  A "Director's Level

23   Decision" was issued with respect to this grievance on December 17, 2009.

24   /////

25   _____

26       [2]  According to Wikipedia, "Wicca, also known as Pagan Witchcraft, is a Pagan religious
movement."

1       Plaintiff agrees that the two grievances identified above are the only grievances

2  pertaining to claims presented in plaintiff's amended complaint which were addressed at the

3  "Director's Level." Near the end of plaintiff's opposition to defendants' motion to dismiss,

4  counsel for plaintiff indicates "[i]t has long been plaintiff's assertion . . . that he was prevented

5  by prison staff from pursuing grievances on [other claims appearing in plaintiff's amended

6  complaint]." Counsel for plaintiff presents no evidence in support of this. Counsel indicates he

7  wrote plaintiff attempting to obtain such evidence, but plaintiff has not provided any. Counsel

8  speculates this could be because plaintiff was not provided with writing materials as plaintiff has

9  complained about that in the past. The court might pay more mind to counsel's assertions if

10 counsel had exhausted other avenues of communication with plaintiff such as attempting to

11 phone plaintiff or visit him in person. As it stands, counsel's assertions are speculative.

12      Turning to the allegations in plaintiff's amended complaint, it is clear plaintiff has

13 exhausted administrative remedies with respect to the following claims:

14      1. Defendants Martel, Lackner and Long denied plaintiff the ability to purchase

15 and personally possess religious items which were approved in the "Technical Reference

16 Manual" for group worship only in violation of the First Amendment and RLUIPA. While not

17 all of these defendants are named in grievance MCSP-08-01367, CDCR was put on notice

18 through that grievance of the essential nature of plaintiff's claims; plaintiff was being denied

19 certain items for personal worship as opposed to group worship. Furthermore, had he named all

20 of the defendants identified above in grievance MCSP-08-01367, it is unlikely the response to the

21 grievance would have been any different.

22      2. On April 27, 2009, defendants Sauceda and Childress confiscated religious

23 items from plaintiff in violation of the First Amendment and RLUIPA.

24      It is equally clear that plaintiff has not exhausted administrative remedies with

25 respect to any claim arising in part from any of the following allegations appearing in plaintiff's

26 \\\\

4

amended complaint because the allegations were never presented to CDCR through the prisoner grievance process:

      1.  Plaintiff suffered retaliation for exercise of his religion.

      2.  Plaintiff was denied access to religious publications.

      3.  Plaintiff was denied adequate space to perform religious rituals and ceremonies.

      4.  Plaintiff was prevented from manufacturing "implements of his faith."

      5.  Plaintiff was denied a "Wicca Sponsor."

      6.  Plaintiff was denied adequate seating at Wicca rituals or ceremonies.

      7.  Plaintiff was denied night time Wicca services.

      8.  The removal of herbs, vegetables and fruits from the "Wicca grounds on or about July 13, 2009."

      9.  Defendant Martel denying plaintiff mail in March of 2009.

      10.  Defendant Martel disregarding book orders.

      11.  Defendant Barroga referring to plaintiff as a "pedofile."

      12.  All allegations appearing in paragraph 40 of plaintiff's amended complaint concerning a cell search occurring in July of 2009.

Based on the foregoing, the court will recommend that plaintiff be permitted to proceed on the two claims identified above and that all other claims against defendants be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendant Martel, Long, Sauceda, Lackner, Barroga and Childress's  May 11, 2011 motion to dismiss be denied in part and granted in part as follows:

    A.  Denied with respect to the following claims:

      1.  Defendants Martel, Lackner and Long denied plaintiff the ability to purchase and posses religious items which were approved

1  in the "Technical Reference Manual" for group worship only in

2  violation of the First Amendment and RLUIPA.

3      2.  On April 27, 2009, defendants Sauceda and Childress

4  confiscated religious items from plaintiff in violation of the First

5  Amendment and RLUIPA.

6      B.  Granted in all other respects resulting in all other claims against

7  defendants Martel, Long, Sauceda, Lackner, Barroga and Childress being

8  dismissed for failure to exhaust administrative remedies.

9      2.  Defendant Barroga be dismissed from this action.

10      These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

12  one days after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15  shall be served and filed within fourteen days after service of the objections.  The parties are

16  advised that failure to file objections within the specified time may waive the right to appeal the

17  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18   Dated: November 18, 2011

19

20  CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

21

22

23

24  1
  abel1749.57

25

26